Aiau *v.* J. Kupau and Alana.

## SUPREME COURT—IN BANCO.

## JANUARY TERM—1881.

*Harris,  C. J., Judd and McCully, J. J.*

## Aiau *vs.* J. Kupau and Alana.

### ON APPEAL.

SPECIFIC PERFORMANCE decreed of an agreement for a lease unre-corded, notwithstanding that a subsequent lease for the same land was recorded, it being shown that the lessee had notice of the prior agreement.

Opinion of the Court by JUDD, J.

This is a bill in equity praying for a specific performance, and alleging that on the 25th of October, 1880, the respond-ent Kupau executed an agreement in writing, whereby he covenanted to execute a lease for a piece of land in Waialua to the plaintiff for a term of fifteen years at seventy dollars per annum. A payment of fifty dollars was made as advance rent, and by the agreement the further sum of two hundred and thirty dollars in all, four years' rent, was to be advanced on the 1st of November when the lease was to be executed.

The respondent on the 1st of November executed a lease to the co-respondent, Alana, for the same land in the same terms except that a larger advance of money was made. This lease was recorded November 5th. The main issue which was contested, and upon which appeal was taken, was, whether Alana was protected by the Statute of Registration which prescribes that every conveyance not recorded shall be void as against any subsequent purchaser in good faith, and for a val-uable consideration, not having actual notice of such convey-ance of the same real estate whose conveyance shall be first duly recorded.

The evidence shows that three days after the agreement with Aiau was made, Mr. N. Kaiaikawaha, who wrote and

witnessed the agreement, was met by Alana, and he asked him if Kupau's land was leased to Aiau. Kaiaikawaha replied that it was, and that the rest of the money was to be paid in Honolulu, to which Alana nodded assent.

There were two other witnesses who testified as to conversations between themselves and Alana between the 25th of October and 1st of November, when they told him that this land was leased to Aiau, and that he had paid Kupau fifty dollars on account. This testimony is not successfully disproved or rebutted.

This evidence shows to our minds that Alana had the actual notice of the previous conveyance which the statute refers to, and therefore the prior record of his lease of November 1st availed him nothing. Alana had actual notice on the subject on which he sought information, and this case differs in every respect from that of Wong Kuai *vs.* Kamahalaau and Makue, decided by the Chief Justice, which was referred to by Alana's counsel.

· The decree of the lower Court is confirmed.